THE STATE, THE INTERNATIONAL AND LIFE ASSURANCE COMPANY, PROSECUTOR, v. JOHN B. HAIGHT, COLLECTOR OF JERSEY CITY.

1. The prosecutor being a private corporation, principally engaged in the business of insurance on lives, but not a mutual insurance company, is, from the character of its business, subject to taxation within the fair meaning of the tax act of 1864.
2. The prosecutor is entitled to a deduction for such parts of its property and assets as are invested in United States securities, and for mortgages on real estate not liable to be taxed in any of the counties which, by the act of 1869, are exempted from taxation.
3. Mortgages of the prosecutor deposited with the treasurer, under the act of March 10th, 1838, to enable the prosecutor to do business in another state, are not exempt from taxation.
4. By the charter of Jersey City of 1870, real estate and chattels are the only subjects of taxation. The term chattels, as thus used, is to be taken in its largest signification, and as including every species of property not real estate or freehold.
5. Exemptions under the tax law of 1864, of stocks and other personal estate, situate and being out of, the state, upon which taxes have been actually assessed and paid, does not apply to corporations.

On *certiorari*. In matter of taxation.

Argued at June Term, 1871, before Justices BEDLE, WOODHULL, and SCUDDER.

For prosecutor, *J. F. McGee.*

For the city, *J. Dixon, Jr.*

BEDLE, J. The following results have been reached in this case :

1. The prosecutor is a private corporation of this state, and principally engaged in the business of assurance on lives. It has other corporate powers, but those must be regarded as incidental, so far as the mode of its assessment is concerned. It is not a mutual life insurance company, specially taxed,

and for that reason excepted from section fifteen of the tax act of 1866, (*Nix. Dig.* 954,) but it is nevertheless, in legal effect, excepted, for the reason that the supplement of March 24th, 1864, to the act concerning taxes, (*Nix. Dig.* 950,) being the act for the taxation of associations or corporations whose business is that of assurance on lives, is expressly excepted from repeal by the act of 1866. (*Nix. Dig.* 958, § 32.) The act of 1864 is therefore in force, and section fifteen of the act of 1866 must be considered as if associations and corporations coming within the language of the act of 1864, had been expressly excepted from the body of that section. The character of the business in which the prosecutor is engaged, as appears from the evidence, is such as to bring it within the fair meaning of the act of 1864. The result of that is, that this corporation must be taxed for the full amount of its property and valuable assets, after deducting debts and liabilities, to be ascertained according to that act, and including in its valuable assets its premium notes, as mentioned in the proviso to section fifteen referred to.

2. The prosecutor is entitled to a deduction for such part of its property and assets as was invested in United States securities. That is now too well settled for controversy. *Newark City Bank* v. *Assessor,* 1 *Vroom* 13 ; *State* v. *Metz,* 3 *Vroom* 199 ; *State* v. *Haight,* 5 *Vroom* 128.

3. A considerable part of its property and assets was invested in mortgages upon real estate in some of the counties mentioned in the act of April 2d, 1869, (*Laws of* 1869, *p.* 1225,) and which, being in the hands of the prosecutor, a corporation located in one of said counties, to wit, Hudson county, are expressly exempted from taxation. The case of *Newark Bank* v. *Assessor,* 1 *Vroom* 13, allowed that bank a deduction for bonds of this state issued under the act of February 16th, 1861, and which were exempted from taxation by that act. The principle was, that the tax could not be regarded as imposed upon corporations as such, but upon their *property ;* that taxation on the aggregate amount of capital paid in, and accumulated surplus, (as was the case with that

State, International and Life Assurance Co., pros., v. Haight, Collector.

bank—it having been assessed under the said act of March 28th, 1862, since repealed,) was a tax on the parts of which it was composed, and because a part was made up of state bonds, not liable to taxation, a deduction was made. The ruling of that case equally applies to the mortgages in question, as they are as distinctly exempted from taxation as the state bonds were.

4. Some of the mortgages included in the assessment, and not exempted from taxation by the act of April 2d, 1869, were on deposit with the state treasurer at Trenton—such deposit having been made under a supplement of March 10th, 1853, (*Nix. Dig.* 428,*) to the act to incorporate insurance companies, to enable the prosecutor to transact business in other states; and it is claimed that these mortgages so being held in trust, cannot be taxed to the prosecutor. What the laws of the other states are, with which this deposit was intended to be a compliance, does not appear. These mortgages are merely held on deposit with the treasurer, for the time being, in his official capacity, the company making the deposit being at liberty to receive the interest on them, and entitled to their return on discontinuance of business in the other states, and when such deposit shall not be required by the laws of said states. There is no intention shown in any of the tax laws, that securities otherwise liable to taxation, should be exempted when thus deposited. They are, in no sense the property of the state, and for that reason, not to be included in the objects of taxation. But it is said that they should be assessed against the treasurer as trustee. The deposit is with the treasurer as a state official; it is, in reality, in the state treasury. The treasurer, by his office, is not embraced within the persons, natural or artificial, subject to taxation, as our laws now stand, and no mode is provided by which the tax could be collected, if assessed. The treasurer might find himelf very seriously embarrassed, if he had to provide for the payment of taxes on deposits like this. There ought to be a very distinct expression of intention on the part of the legislature to induce us to hold that taxes

* *Rev.*, p. 514, §§ 42–45.

should be assessed and collected in that mode.   The treasurer is made a trustee, in the sense of the tax laws, and for the purpose of taxation.   These mortgages being liable to taxation, must be assessed to the prosecutor.

5. It was urged that no mortgages are liable to taxation under the Jersey City charter of 1870, and if not otherwise exempted, should, therefore, be deducted, the argument being that by the charter, (*Laws of* 1870, *p.* 1199, § 60,) real estate and *chattels* only, using the word chattels in the sense of things movable and tangible, are assessable, and that mortgages are not included therein.   So far as general property liable to taxation is concerned, there is no intention shown in the charter to interfere with the act of April 2d, 1869, (known as the five counties act,) or the tax act of 1866.   On the contrary, the word chattels, in the charter, has not been used in its restricted, but in its enlarged sense.   Its ordinary legal application is undoubtedly to things movable and tangible, but it is a very comprehensive word, " including any species of property not real estate or freehold." 2 *Kent* 342. It may include. choses in action.   2 *Kent* 351.   Ordinarily it could not, but in the section referred to, a careful reading, by taking the word in its relation to the rest of the section, shows that it was there used in its broadest sense, without intending thereby to abridge the objects of taxation, but to include all personal estate subject to taxation by the other laws of the state, excepting only what was expressly exempted by that section.   The legislature used the word in an equivalent sense in the act of 1868, (*Laws of* 1868, *p.* 865,) relative to taxes in certain counties, as will be seen by the construction given to it in a supplement to that act.   *Laws of* 1868, *p.* 1147.   These two acts are repealed, yet they show how the legislature has used the word chattels, and although in the Jersey City charter the legislature has not declared the construction, as in the supplement of 1868, yet it satisfactorily appears that it was intended to be used in the same general sense.   This is a sufficient answer to the question raised under this head, but it is further disposed of by the fact that

the charter of 1870 is not inconsistent with the law of 1864, under which life assurance companies are taxed, and both can exist in harmony.

6. The prosecutor also claims deduction for personal property out of this state, on which taxes have been there paid, basing it on section five of the law of 1866,* which exempts "stocks and other personal estate owned by *citizens of this state,* situate and being out of this state, upon which taxes shall have been actually assessed and paid within twelve months next before the day prescribed by law for commencing the assessment." There is no provision to this effect in the act of 1864, and this clause cannot be tacked to it, because it does not apply to a corporation. The word "citizen" is not intended to include it. In the case of *The State* v. *Metz,* 3 *Vroom* 199, it was held that the word *residents,* in a supplement of March 25th, 1863, (*Laws of* 1863, *p.* 902,) declaring that residents of this state should not be taxed for stocks and other property belonging to them out of this state, and upon which taxes shall be assessed and actually paid in any other state, did not apply to corporations; and it was remarked that a corporation may be considered as a resident, inhabitant, or citizen for some purposes, such as jurisdiction or venue, but that taking the supplement in connection with the whole tax law, (then existing), it was not intended to include a corporation. The same remark is applicable to the word "citizen" in the clause in question. The ordinary reference of the word is to a natural person, and when construed otherwise, the general purpose and spirit of the law must require it. *Tatem* v. *Wright,* 3 *Zab.* 429. Real estate of corporations taxed under section fifteen of act of 1866, owned out of the state, is expressly excepted from the accumulated surplus, but no exception is made of personalty.

7. The charter of Jersey City, section sixty-five, provided for furnishing statements by any person or persons, or corporation, under oath to the assessor, of the personal property liable to taxation, and the exemptions or deductions claimed from taxation on real or personal property. A statement was

* *Rev.,* p. 1151, § 64.

furnished by the prosecutor, according to a printed blank delivered by the assessor to be filled up, but without any claim for exemptions. There was no part of it for exemptions, and it was prepared for an assessment on the basis of capital stock and surplus. Section sixty-six of the charter provides "that in case such statement shall not contain the particulars or specific account in the foregoing section named, and it shall appear to the commissioners of appeal that such person endeavored to act in good faith and without deception, he shall not be deprived of the right to appeal in order to correct such statement as to such particular or specified account, but for no other purpose; and if no such statement under oath be made, no relief shall be afforded on appeal or on legal proceedings of whatever kind; and in such cases said assessment for taxes shall be made by the assessor as to him may seem just and reasonable." A denial of relief on appeal, or by *certiorari* under this latter clause, must only be for the want of a statement. The company made a statement of the capital and surplus, as required by the assessor, and that statement is a sufficient compliance with the charter to prevent the prosecutor from losing his right of appeal or relief on *certiorari*. Had there been no appeal actually taken, it would not have necessarily followed that a *certiorari* could not have been maintained; (*State* v. *Metz*, 3 *Vroom* 203; *State* v. *Bentley*, 3 *Zab.* 532;) that is, provided it is not prevented by a statute; but an appeal was taken, and a statement, in writing, presented under oath, to the commissioners, by which deductions were claimed, including those herein referred to. No deductions were allowed by the commissioners; the reason does not appear. The case shows entire good faith on the part of the company, and there is no reason why this court should not now have the assessment properly adjusted.

8. The aggregate amount of the assessment was properly made up to January 1st, 1870, and although it was arrived at by adding the capital stock paid in and net surplus, yet in this case the result was the same as if the calculation had been as property and valuable assets. The deduction for out-

standing policies was made by estimating the present value according to the act of 1864. The facts are not very minutely before us, and therefore we cannot well fix the amount to which the assessment should be reduced. The gross amount of the assessment, to wit, $158,500, should be taken as returned with the writ, and the deductions be made according to the principles herein stated. If counsel fail to agree on an adjustment, the court will refer it to a commissioner to ascertain any additional facts necessary, and to determine the correct amount.

It will be found that the exemption on mortgages under the act of April 2d, 1869, is not as broad as claimed by the prosecutor.

On an adjustment of the amount, the assessment to be affirmed to that extent only; and also, the tax to be fixed according to the rate of the assessment returned, and the necessary reduction upon that basis to be made.

Justices WOODHULL and SCUDDER concurred.

CITED *in State, Poulson, pros., v. Matthews,* 11 *Vr.* 269.